# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**MONSERRATE HERNANDEZ,**<br><br>Debtor. | Chapter 11<br><br>Case No. 16-15759<br><br>Honorable Timothy Barnes<br><br>Hearing Date: June 21, 2016<br>Hearing Time: 10:30 a.m. |

### ORDER (A) ESTABLISHING BID PROCEDURES IN CONNECTION WITH SALE OF CERTAIN PROPERTIES OF THE DEBTOR, (B) APPROVING THE FORM AND MANNER OF NOTICES, (C) SETTING A FINAL HEARING AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of MONSERRATE HERNANDEZ, as debtor and debtor-in-possession ("Debtor" or "Borrower"), for the entry of an order (this "Order"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2002, 6004, 9007, and 9014, (a) establishing bid procedures (the "Bid Procedures") in connection with the auction and sale (the "Sale") of the properties listed on **Schedule 1** hereto (each a "Property" and collectively "Properties"); (b) approving the form and manner of the notices of the Sale; (c) setting a date for the auction (the "Auction") of the Properties and a hearing date to consider the approval of the sales (the "Final Hearing"); and (d) granting related relief; and no other or further notice hereof being necessary or required; and upon the proceedings held before this Court on June 21, 2016, including the representations of the counsel for Debtor, and it appearing to the Court that based upon the representation contained in the Motion, the issuance of this Order is in the best interest of

{6341 ORD A0201058.DOC}
346678.1

Debtor, his estate and his creditors, and after due deliberation and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Bid Procedures, attached as **Exhibit A** hereto, for conducting a sale by auction of the Properties are hereby authorized, approved and made part of this Order, as if fully set forth herein, subject to the modifications contained in this Order.

3. Debtor is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established by this Order.

4. Subject to the final determination of the Court, Debtor, in consultation with IBT Special Asset Fund I LLC, an Illinois limited liability company ("IBT"), TCF Bank (as to 1809 W. Augusta, Chicago, Illinois), and Pan American Bank ("PanAm"), is authorized to (a) determine in his discretion which of the Qualified Bid(s) submitted for the Auction is the highest or otherwise best offer for each Property; and (b) properly reject any and all bids that, in Debtor's discretion, are (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Bankruptcy Code, or the terms and conditions of the Sale; and/or (iii) contrary to the best interests of the Debtor, his estate and creditors.

5. Nothing in the Order shall prejudice the Debtor's right to file a subsequent motion to designate a Stalking Horse Bidder.

6. The Auction and Sale Notice, in substantially the same form as annexed to the Motion as **Exhibit B**, is sufficient to provide effective notice of the Bid Procedures, the Auction, and the Sale to all interested parties, pursuant to Bankruptcy Rules 2002(a)(2) and 6004(a), and is hereby approved.

346678.1

7.  If there is a closing of a Sale to a Successful Bidder (other than a credit bid by IBT or PanAm in regard to the property on which they hold first mortgages) under a Successful Bid (as the foregoing capitalized terms are defined in the Bid Procedures) approved by a Sale Order, then the first mortgage holder shall be paid in cash from the proceeds received at such closing.  Notwithstanding the foregoing, with respect to the Property commonly known 1809 W. Augusta, Chicago, Illinois (the "Augusta Property"), Debtor acknowledges that both IBT and TCF Bank hold secured mortgages against such property, and that the priority of such mortgages is subject to controversy between IBT, TCF Bank, and Debtor.  Consequently, with respect to the Augusta Property, no party shall be entitled to credit bid.  Any proceeds of the sale of the Augusta Property shall be held in escrow and shall only be distributed upon: (i) the resolution by the Court (or any other court) as to the priority of the mortgages and claims against the Augusta Property; or (ii) a settlement between and among IBT, TCF Bank, and Debtor.

8.  Debtor shall, on or before June 24, 2016, serve by United States mail, first class postage prepaid, the Auction and Sale Notice and a notice of the Final Hearing (the "Final Hearing Notice") to be held on August 3, 2016 at 10:30 a.m. to consider entry of the proposed Final Order on:  (a) all of the Debtor's known creditors; (b) the Office of the United States Trustee; (c) counsel to Lender; (d) parties who have timely filed requests for notice under Bankruptcy Rule 2002; (e) all taxing authorities or recording offices which have a reasonably known interest in the relief requested; and (f) all federal, state and local regulatory authorities with jurisdiction over the Debtor.  The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the United States Bankruptcy Court Clerk for the Northern District of Illinois no later than 4 p.m. on July

346678.1

27, 2016, which objections shall be served so that the same are received on or before such date by:

    (a)    Jeffrey Strange (jstrangelaw@aol.com), Jeffrey Strange & Associates, 717 Ridge Road, Wilmette, Illinois 60091, Counsel to Debtor;

    (b)    Jason J. DeJonker, Bryan Cave LLP (jason.dejonker@bryancave.com), 161 North Clark Street, Suite 4300, Chicago, IL 60601-3315, Counsel to IBT;

    (c)    Matteo Crawford (mcrawford@davidtcohenlaw.com), David T. Cohen & Associates, 10729 West 159th Street, Orland Park, IL 60467, counsel for TCF Bank; and

    (d)    the Office of the United States Trustee, 227 West Monroe Street, Suite 3350, Chicago, IL 60606.

9. This Court shall retain jurisdiction to hear any and all issues or disputes relating to or arising under the Motion or this Order.

Dated: June 21, 2016

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

346678.1